for a a it something good morning your honors haceres court engineers jayernie board represent our statement gallon this matter i'd like to explain at native state structurally amended mr goins indictment in violation of his fifth amendment rights and how this court's precedent require reversal for a new trial i'll focus my time this argument uh... on this particular issue unless directed otherwise by the court plating constructive amendment we're considering defendants very specific right of the fifth amendment his right to be tried on an indictment turned by the grand jury on a very specific charge returned by the grand jury the defendant cannot be tried on a charge that was not made in the indictment and not found by the grand jury and after the grand jury's return this indictment only the grand jury itself can expand the terms of the indictment this is a first why isn't it that it seemed to me that the twenty thirteen recordings made it more probable that your client was a member of the cocaine conspiracy when he was arrested two years earlier and less probable that he was just a resident of this house on skyline drive who sometimes drove a car with drug paraphernalia in it why isn't that right well your honor we would respectfully disagree with that classification in that we believe that the two thousand thirteen recordings the wiretap recordings and to be clear and a little bit more specific we're talking about exhibit one of four which is the collection of the eight recorded phone calls via the wiretap between Mr. McGowan and Mr. Harris we know what the facts are sure just making sure that it was clear but in these recordings uh... by the government's own admission they're not sure what they're talking about agent stevens who was the case agent in this case believed that Mr. McGowan and Mr. Harris were discussing heroin and he based that upon the quantities involved in the financial figures involved and he reached that conclusion that he believed that they were talking about heroin now the jury didn't hear that evidence the jury did not hear Mr. Steven or agent Steven upon that this set of phone calls was talking about heroin he basically said we believe that they're talking about drugs and drug dealing so this gets to the heart your honor of what we can complain about here that we believe that the evidence presented by the government constructively amended Mr. McGowan's indictment because here the jury heard two thousand thirteen evidence of some sort of drug activity per the government's side taking the facts but if the specific evidence is and this is piggybacking off of Judge Bill Pryor's questions as I understand the phone calls are in two categories category one is I had to take over after you were arrested because you're on an ankle monitor and they took you in and it made it more problematic so uh... it made it more likely that the conspiracy existed category two is hey there was money that was taken from us from that house on october of twenty eleven and that was problematic is that a fair description of the two categories of phone calls? It is Judge Locke but then why is it not sorry and I'm sorry to interrupt I'm going to let you respond but then why is it not as Judge Bill Pryor said relevant evidence evidence that makes it more probable than not that the conspiracy existed well yes your honor so when we're talking about relevance of evidence in this in this period we in our brief we talk about how constructive amendment can kind of come in two ways that there can be an expansion of the temporal scope of the indictment and there can be an expansion of the substantive scope now these two concepts are interrelated and it's particularly clear in this case when we look at some of the cases that we've cited to talking about Russell and the interiority requirement of Russell and the government sites to the case Phalo talking about what sort of time is shown during the course of the trial for an offense to occur so all that to say that while an argument can be made by the government that this was some sort of ongoing conspiracy that Mr. McGowan was to put it globally dealing in two thousand eleven and dealing in twenty thirteen  so let me ask something a little more fundamental and back up. As I understand it in our constructive amendment law it requires an essential element that has to be changed or modified by the evidence at trial. Is that fair or not fair? Yes your honor, that's one way. I also understand our case law to be that time is generally not an essential element and that the controlled substance at issue is not an essential element is that true or not true under our case law? Can I say yes and no. I would agree that time is not necessarily an essential element but there are restrictions that this court's precedent puts on. We'll talk about Russell in a second but am I right at least that they're not essential elements? The type of drug can be an essential element and that's where this court's precedent really command the result here and I would direct this court to Narog and Sanders two cases that we discussed a little bit or to an extent in our brief Both Narog and Sanders are 841 charges that are somewhat similar to what we're facing here. In Narog the defendant was indicted with distribution of pseudoephedrine when the defendant knew or had reason to believe it was going to be used to make specifically methamphetamine. Now in Sanders it was an 841 conspiracy charge somewhat similar to the charge here but in Sanders it was a generic conspiracy charge that the defendants conspired to possess with the intent to distribute a controlled substance. Didn't we say in Rutherford that the nature of the controlled substance neither constitutes an element of the 841 charge that was at issue in that case nor broadens the basis for conviction but is relevant only for sentencing purposes? That is true in Rutherford but I mean Rutherford still has to be reconciled with both Sanders and Narog in our opinion that once we have the four corners of the indictment and how the indictment's charged that the government is still hemmed in and has to work within those parameters and that's important here because again we contend that in 2013 the phone calls, the wiretaps in question, the jury didn't know what they were referring to. They clearly didn't refer to cocaine hydrochloride which is the drug named Mr. McGowan's indictment which we contend under Narog and this court's other precedent the court had to or excuse me that the government had to meet. They had to show that he beyond a reasonable doubt was conspiring with the intent to possess and distribute cocaine hydrochloride not just controlled substance. So we contend that because that evidence was more broad it's analogous that that situation and the presentation of that evidence is analogous to what happened in Narog where again there was a specific indictment dealing with methamphetamine and the jury asked the question well do we have to believe beyond a reasonable doubt that this pseudoephedrine was going to become methamphetamine or that the defendant knew that this pseudoephedrine was going to be used in the manufacturing of methamphetamine. Counsel as a matter of preservation what do I do with the fact that and I don't know if you counsel I'll say that trial counsel when this issue came up the trial judge said okay agent don't say heroin just say dope or drugs in generally and counsel then said this record explicitly asked your client's counsel whether that proposal was fair and your client said it was fair and that's at 195 of the transcript for that day. Only at the post-trial briefs does this issue come up of a constructive amendment based on the type of controlled substance. What do I do for preservation purposes? Well as appellate counsel I was a little annoyed to read that exchange your honor but in my view the rule 33 motion does what preservation asks it gives the it gave the district court the chance to rectify that error and to clear up that situation to grant. How after the verdict is done how does it clear it up isn't the whole point for evidentiary issues like this to clean it up before the jury leaves? Sure and that is ideal but in this situation the court still could have corrected the error in terms of granting a new trial at this point so but again back to back to NAROG and Sanders we think that these cases need to be viewed viewed together in the way that Sanders explained NAROG and Sanders talks about how when you have this specific indictment especially in the 841 context the government has to proceed under that and these cases were constructive amendment dealing with the jury instruction so they're a little bit distinguishable but they still point in the same direction they still command the same result because in Sanders the court pointed out look NAROG had a specific indictment. If I disagree with you and I'm not speaking for any of my panel members here but if I disagree with you that it's a these are essential elements for purposes of constructive amendment and I treat it as a variance can you win? That becomes a much steeper hill to climb for us admittedly and but again variance talks about just where the charge hasn't changed but the evidence has expanded here we believe that this evidence expanded the charge and we again I'm going to try to pull the panel back to the indictment itself in the four corners of what was actually charged in this cocaine hydrochloride but 2013 was evidence that wasn't clearly at the very best was not clearly cocaine hydrochloride. Now we contend that that was evidence of heroin and that there is a strong likelihood that the jury hearing all the evidence in this case heard this wiretap and thought well look all this other stuff from October 2011 that was the smoke these wiretaps are the fire that's all we need here to clearly refer to cocaine hydrochloride and with that if there are no further questions I might reserve the last yeah you've saved um four minutes for rebuttal so thank you I'm good uh Ms. Holt. Thank you your honor may it may it please the court Elizabeth Holt for the United States and I have with me also for the United States Michael Billingsley. The introduction of the evidence uh in the 2013 wiretaps did not constructively amend the indictment uh given counsel's argument I will also focus only on that part unless the court has other questions. A constructive amendment occurs when the essential elements of the indictment are broadened either literally in effect by the court or the government after the grand jury returns the indictment. Here we have a situation where the indictment charged from in or about August 2011 to honor about October 5th 2011 a cocaine hydrochloride conspiracy. Counsel referred to NAROG and the distinction in NAROG is the evidence in fact proved that pseudoephedrine was used with the intent to manufacture methamphetamine. The jury instructions were given along that line and in accordance with the indictment and the evidence. The jury then came back and asked the court a question well do we have to find that it's methamphetamine or can we find any controlled substance? The jury the court then gave the instruction that you just need to find intent to make any controlled substance. That was what was at all the jury instructed but excuse me. We have some recent precedent too that explains that about NAROG don't we or do you do you know? Your honor I believe the ACCI case um dealt with NAROG some and the the difference in how to charge various language yes your honor. In this case um the jury instructions were given that the jury had to find a conspiracy to possess what intent to distribute and to distribute cocaine hydrochloride and the jury was given a special verdict form. So not only once the jury found Mr. McGowan guilty did they have to find him guilty but they further had to determine whether or not there was proof that the government had proved that he had conspired to distribute or possessed with intent to distribute five kilograms or more of cocaine hydrochloride. There was simply nothing in the record of this case that would allow the jury to find or to convict Mr. McGowan on a heroin conspiracy. Also here as reference the court may properly made an evidentiary ruling as your honors have have pointed out the the calls in question essentially deal with what was going on at the time for example the money that was lost or were in furtherance of the conspiracy therefore they were relevant therefore the judge properly admitted them and to evidence um given this the given this there was simply no constructive amendment to the indictment and the judgment below should be affirmed if the court does not have any more questions. Thank you. Thank you. Thank you Thank you very much um Mr. Lloyd. Thank you your honor. Very briefly the government just said this was a cocaine conspiracy as charged and I'd like to reiterate we're not saying that there was a separate conspiracy going on involving heroin and that that's what we think he was convicted of. We're saying that the evidence in 2013 does not clearly point to cocaine hydrochloride and the conspiracy charged within the four corners of his indictment and that the the jury again could have very well relied upon that evidence that is unclear at best for the government to convict on a specific drug and again we maintain that the specific language of the indictment limited the showing that the government. But if the government was was limited by your objection by your trial counsel's objection to the reference of heroin in the 2013 tapes and the government argued in its closing argument that those conversations exclusively dealt with cocaine what evidence could the jury possibly have had even assuming that it is an essential element um a controlled substance issue uh to have expanded the the the indictment in this case? Just to be clear with the question are you are you asking like what what the jury would have been relying upon or what is let me let me and I apologize for my lack of clarity what your opposing counsel just said was there was nothing for the jury to have found there was no evidence of anything to do with heroin and that was in part because of the great work the trial counsel did to scrub from the tapes any reference to heroin. So what could the jury have found different than what a cocaine hydrochloride conspiracy? So effectively again we're arguing that this was a vague this was a vague phone call talking about drug dealing in general and that there was drug dealing and it's some sort of controlled substance and this is why we've drawn the analogy to NAROG is that again what the jury's question in NAROG are we limited to finding only that it was methamphetamine and the court's instruction said no you just have to find beyond a reasonable doubt that he knew or had reason to believe the pseudo-phedrine would be used to make a controlled substance. So that's the analogy there is that the judge's instructions broaden the scope of the indictment past methamphetamine to any controlled substance. But here the instructions were clear on cocaine the jury verdict form was clear on cocaine the arguments that the attorney made I read the entire closing argument it only dealt with cocaine what else was there that the jury could find different? What we're saying is that that evidence doesn't clearly point to cocaine and that the evidence does not show that it is cocaine. Now while there was a special verdict form in there. It doesn't have to I mean I go back to the question that I started with when you first argued which is isn't this evidence about from the 2013 recordings the kind that would make it more probable that your client was a member of the 2011 cocaine conspiracy and he was not just someone who happened to be living at the Skyline Drive house? We don't necessarily agree with that your honor given the parameters of the indictment. If the indictment had been if the government had sought a superseding indictment to amend the language to not narrowly tailor to cocaine hydrochloride or to expand the temporal scope then we would have to concede that that it would be fitting in there. But because the government proceeded under this narrow indictment and because the grand jury indicted in this narrow way 2013 what happened in 2013 had to be carefully examined with respect to the 2011 charge considering cocaine hydrochloride. With that we respectfully request that this court reverse Mr. McGowan's conviction. Okay thank you Mr. Lloyd. We have your case.